[No. 7522. Decided May 15, 1909.]

Clallam Land & Investment Company, *Appellant* v.
Samuel C. Jackson et al., *Respondents*.[1]

Trusts—Establishment—Evidence. An option to purchase timber on lands owned by the plaintiff, and other lands which plaintiff expected to buy, is not sufficient to make the defendant a trustee for the plaintiff as to other lands in the vicinity purchased of third persons, where plaintiff had nothing to do with such purchase and did not aid therein or advance any of the purchase price, even if an officer of the defendant stated to an officer of the plaintiff, that, if the purchase was made, the lands should come within the option agreement.

Same—Validity—Consideration. A naked promise to buy lands with one's own money and hold them for another is without consideration and cannot be enforced in equity.

[1]Reported in 101 Pac. 832.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered February 26, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to declare a trust in real property and for an accounting.   Affirmed.

*Vince H. Faben*, for appellant.

*Jesse A. Frye*, for respondents.

FULLERTON, J.—In March, 1907, the respondent Pacific Logging and Timber Company purchased of one Hoyt and the Maclaey Estate Company a tract of land, called by the parties the Maclaey tract, situated in Clallam county, in this state, containing 8,361 acres, paying therefor $8.12 per acre, or a total sum of $67,891.32, taking the title thereto in its own name.   At the time of this purchase there was a contract existing between the appellant and the respondent Pacific Logging and Timber Company, by the terms of which the respondent was given the exclusive right, privilege, and option to purchase all of the standing, growing and fallen timber upon certain described lands, at the rate of $2 per thousand feet stumpage.   The lands described were in part the property of the appellant, and in part the lands of private individuals which the appellant expected to purchase should the respondent corporation exercise its privilege of taking up the option.

It is the appellant's contention that this Maclaey tract was purchased by the respondent corporation under the terms of this agreement, with the modification that the respondent was to advance the purchase price and hold the land as security for the same until such time as the rights of the parties could be adjusted thereunder.   After the purchase was made the respondents refused to assent to the contention that this purchase fell within the agreement, and this action was brought to have the respondent corporation declared to hold the land in trust for the appellant, for an accounting between the parties, and upon such accounting

that the respondent corporation be required to deed the land to the appellant and pay it such sum as would equal the difference between the value of the timber at $2 per thousand feet stumpage and the sum the respondent paid for the land, which difference it averred to be $132,108.68. Issues were made on the allegations of the complaint, and a trial was had, which resulted in a judgment for the respondents.

In our opinion the evidence wholly fails to establish a trust in the lands in favor of the appellant. The appellant had no option or contract of any kind with the owners for the purchase of the property; it did not have it for sale for the owners, nor did it have any communication with the owners concerning its sale; it did not aid in any way in the negotiations taking place when the respondent purchased it, nor did it advance any part of the purchase price. It bases its claim entirely upon the contention that an officer of the respondent corporation orally promised an officer of the appellant that if his corporation purchased the land it would treat it as falling within the contract above mentioned. That such a promise was made is denied by the respondent's officer who is alleged to have made it, and it is shown that he had no authority from the trustees of the corporation to make such a promise on behalf of the corporation. But if we conceded the weight of the evidence to be with the appellant, the breach of the promise would furnish no foundation for declaring a trust in the lands. There was no consideration for the promise, and the naked promise of one to buy lands in his own name, pay for them with his own money, and hold them for the benefit of another, cannot be enforced in equity. *Howland v. Blake*, 97 U. S. 624, 24 L. Ed. 1027.

The evidence is voluminous, but it is needless to pursue it in detail. We are clear that no other judgment than the one entered by the trial court is warranted thereby, and it will stand affirmed.

RUDKIN, C. J., CROW, MOUNT, and DUNBAR, JJ., concur.

CHADWICK, GOSE, MORRIS, and PARKER, JJ., took no part.